UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)
Eastern Division

PG Ltd.,

                                                Plaintiff,

v.

                                                Case No.: 1:25−cv−03716

                                                Honorable Martha M. Pacold

The Partnerships and Unincorporated Associations
Identified in Schedule A

                                                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, April 10, 2025:

      MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion for leave to file under seal, [4], is denied. Plaintiff seeks leave to file under seal so that plaintiff may obtain a temporary restraining order freezing the defendants' assets before revealing the defendants' identities. Id. at 1. "The Supreme Court has made clear that courts lack the power to issue an asset freeze at the beginning of a case, unless that party is seeking equitable monetary relief." Zorro Productions, Inc. v. Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A Hereto, No. 23−cv−5761, 2023 WL 8807254, at *4 (N.D. Ill., Dec. 20, 2023) (citing Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc., 527 U.S. 308 (1999)); see also Shenzhen Yihong Lighting Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A, No. 23−cv−1560, at Dkt. 15 (N.D. Ill. Nov. 22, 2023). Indeed, "[a]s a general matter [ ] prejudgment asset restraints are not proper simply to establish a fund from which a later award of money damages can be satisfied." Id. (second alteration in original) (quoting Banister v. Firestone, No. 17−cv−8940, 2018 WL 4224444, at *9 (N.D. Ill. Sept. 5, 2018)). In Schedule A cases, plaintiffs often initially demand equitable relief in the form of an accounting of profits, but after obtaining a temporary asset freeze, plaintiffs uniformly shift their focus to demanding statutory damages. Id. at *3−4. In substance, then, if not in form, Schedule A plaintiffs seek prejudgment asset restraints to establish a fund from which money damages may be awarded. So, despite the demand in plaintiff's complaint that it be awarded defendants' profits, the court is not persuaded that plaintiff will actually seek or obtain such equitable relief−as opposed to statutory damages−in this case. See Zorro, 2023 WL 8807254, at *3−4. Thus, even if plaintiff's initial demand for an accounting of profits could provide this court with the power to issue a prejudgment asset freeze, see Grupo Mexicano, 527 U.S. at 333; Banister, 2018 WL 4224444, at *9, the court is not persuaded that such a freeze is warranted. Plaintiff's motion for leave to file under seal, [4], is therefore denied. Plaintiff's sealed complaint, [5], and attached exhibits, [5−1], [5−2], are stricken. If plaintiff wishes to proceed with this case, plaintiff must file an unredacted version of its complaint publicly on the docket by 4/17/2025. (rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.